1  **LEVIN SIMES KAISER GORNICK, LLP**
   William A. Levin, California State Bar No. 98592
2  wlevin@lskg-law.com
   44 Montgomery Street, 36th Floor
3  San Francisco, CA 94104
   Telephone: (415) 646-7160
4  Facsimile: (415) 981-1270

5  **BAILEY PERRIN BAILEY**
   Fletcher V. Trammell, Texas State Bar No. 24042053
6  (*pro hac vice* admission will be requested)
   440 Louisiana Street, Suite 2100
7  Houston, Texas 77002

8  **CRAFT HUGHES LAW, P.C.**
   W. Craft Hughes, Texas State Bar No. 24046123
9  (*pro hac vice* admission will be requested)
   333 Clay Street, Suite 4720
10 Houston, Texas 77002

11 *Attorneys for Plaintiff*

12         **IN THE UNITED STATES DISTRICT COURT**

13         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14
15 GRETCHEN PATCH, individually and on      CIVIL ACTION
   behalf of all others similarly situated,  No. 10-
16
                Plaintiff,                   **CLASS ACTION COMPLAINT**
17
18 v.                                        **DEMAND FOR JURY TRIAL**

19 MILLENNIUM PRODUCTS, INC.,
20              Defendant.

21
         Plaintiff Gretchen Patch, individually and on behalf of the Class described below, by her
22
23 attorneys, alleges, based upon personal knowledge as to her own actions, and upon information

24 and belief as to the actions of others, as follows:

25                                    **I.**
26                        **NATURE OF THE ACTION**

27     1.     This lawsuit is intended to put an end to the deceptive, misleading, unfair, and

28 unlawful labeling and advertising of GT's Organic Raw Kombucha and Synergy.  In an effort to

                                    1

exploit consumers' health concerns, Defendant Millennium Products, Inc. ("Millennium or Defendant") labels and advertises GT'S Organic Raw Kombucha and Synergy as wonder drinks that possess amazing health benefits.  However, available scientific evidence does not substantiate claims that kombucha-based beverages such as GT's Organic Raw Kombucha and Synergy possess any of those health benefits, nor has Defendant conducted any clinical trials on GT's Organic Raw Kombucha or Synergy that could possibly support the health claims that appear on their labels.

2.    In fact, serious side effects and occasional deaths have been associated with drinking kombucha tea.  Yet, Defendant does not inform consumers of the possible health risks of its kombucha-based products.

3.    This lawsuit seeks damages for Plaintiff and each Class member, including, but not limited to, injunctive relief, restitution, attorneys' fees, and the costs of this suit.

## II.
## JURISDICTION &VENUE

4.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000, exclusive of costs and interest, and this is a class action in which members of the Class are citizens of states other than California, where Defendant is incorporated and has its principal places of business.

5.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, including Defendant's scheme to deceive consumers about the health benefits of GT's Organic Raw Kombucha and Synergy in order to increase their sales, and Plaintiff's purchase of Defendant's products as a result of that scheme.

2

6.     Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant resides in this District.

7.     Defendant resides in this District for purposes of 28 U.S.C. § 1391 because it is subject to general personal jurisdiction in this District.   Defendant has continuous and systematic contacts with the State of California and this District through maintaining its corporate headquarters and principal place of business in this District and manufacturing, marketing, distributing, and selling GT's Organic Raw Kombucha and Synergy in this District to residents of this District.   Defendant is also subject to specific personal jurisdiction in the State of California and this District because its contacts with this District gave rise to the instant action.

## III.
## PARTIES

8.     Plaintiff Gretchen Patch is a citizen of California who resides in Los Angeles County, California.   Plaintiff purchased GT's Organic Raw Kombucha in this District between February 1, 2010 and June 15, 2010.

9.     Defendant is a corporation organized and existing under the laws of the State of California, having its principal place of business at 4646 Hampton Street, Vernon, California 90058.

10.   At all times relevant hereto, Defendant acted through its agents and employees and the acts of its agents and employees were within the scope of their agency and employment.

11.   Defendant promotes, markets, distributes, and sells GT' Organic Raw Kombucha and Synergy throughout the United States, including to thousands of consumers in California.

3

# IV.
## FACTUAL ALLEGATIONS

12.     Kombucha is a mixed culture of several species of live bacteria and yeast that resembles a mushroom in appearance.  Kombucha is commonly prepared by taking a starter sample from an existing culture and growing a new culture in a fresh jar.

13.     Kombucha tea is made by adding a kombucha culture to sugar and black or green tea and allowing the mixture to ferment.

14.     Kombucha tea is popular in the East and goes by many names, including "Mongolian tea."  Since the 1960s, kombucha tea has been popular in the West as an alleged elixir.  Although some claim that kombucha tea has been around for centuries, it was likely developed around a hundred years ago in Russia.  Kvass, which is similar to kombucha tea, is still popular in Russia and Latvia.

15.     When kombucha tea became popular among people with HIV and AIDS in the 1990s, doctors became concerned that the bacteria and yeast in kombucha could harm people with compromised immune systems.

16.     Reports have linked kombucha with serious health complications, including liver damage, toxicity, and metabolic acidosis, which is an abnormal increase of acid levels in body fluids.  Other problems can include allergic reactions and nausea.  Kombucha tea is rather acidic with high levels of lactic acid and other acids.

17.     In 1995, the year that Millennium's owner, president, and CEO, George Thomas ("G.T.") Dave, founded Millennium and began bottling kombucha tea and selling it to the public, the first reports of serious harm associated with consumption of kombucha surfaced— they would not be the last.  The Centers for Disease Control and Prevention issued a report linking kombucha to the death of an Iowa woman and the illness of another woman who was

4

revived after her heart stopped.  Both woman experienced severe metabolic acidosis because of excessive acid buildup in bodily fluids that health officials thought may have been related to their daily consumption of kombucha.

18.     Defendant manufactures, labels, markets, distributes, and sells GT's Organic Raw Kombucha, a kombucha tea that contains strands of kombucha culture.

19.     Defendant also manufactures, labels, markets, distributes, and sells Synergy, which is 95% "GT's Kombucha" and 5% fruit juice.

20.     Defendant describes the manufacturing process for GT's Organic Raw Kombucha and Synergy as follows: "Each batch is gently placed in a warm and spiritual environment where the walls are painted purple and spiritual music is playing.  Though it may sound silly, the most important thing that we do when making our batches is to give them LOTS of love." "100% pure love!!!" is even listed as one of the ingredients of GT's Organic Raw Kombucha and Synergy.[1]

21.     The labels of GT's Organic Raw Kombucha and Synergy, which are pictured below, astoundingly claim that  "Kombucha supports" "Digestion," "Metabolism," "Immune System," "Weight Control," "Liver Function," "Body Alkalinity," "Anti-Aging," "Cell Integrity," and "Healthy Skin," and that kombucha is "an elixir that immediately works with the body to restore balance and vitality."

22.     The label of GT's Organic Raw Kombucha, a true and correct copy of which is attached hereto as Exhibit 1, indicates that the enzymes, probiotics, and detoxifiers in the product "rejuvenate," "restore," "revitalize," "recharge," "rebuild," "regenerate," "replenish," "regain," "rebalance," "renew."

---

[1]     GT's Organic Raw Kombucha Facebook page, http://www.facebook.com/pages/GTs-Organic-Raw-Kombucha/7933417537?v=info (last visited Sept. 14, 2010).

23.     Similarly, the label of Synergy indicates that the enzymes, probiotics, detoxifiers, organic acids, aminos, and electrolytes in the product "rejuvenate," "restore," "revitalize," "replenish," and "regenerate."






24.     Each of the above-referenced representations on the labels of G.T.'s Organic Raw Kombucha and Synergy is false or misleading because each representation is likely to lead, and has led, consumers to believe that the beverages have been proven to have the health benefits claimed in those representations, which is not true.

25.     As the American Cancer Society has explained: "Available scientific evidence does not support claims that Kombucha tea promotes good health, prevents any ailments, or is effective in treating cancer or any other disease.  Serious side effects and occasional deaths have been associated with drinking Kombucha tea. . . .  No human studies have been published in the available scientific literature that support any of the health claims made for Kombucha tea."[2]

26.     Similarly, Brent A. Bauer, M.D., an internist with the Mayo Clinic, has stated:

> To date, there hasn't been a single human trial reported in a major medical journal.  . . .  [A]t this time, there's no direct evidence that [Kombucha tea] provides the benefits it's reported to have.  . . .  In short, there's not good evidence that Kombucha tea delivers on its health claims.  At the same time, several cases of harm have been reported.  Therefore, until definitive studies quantify the risks and benefits of Kombucha tea, it's prudent to avoid it.[3]

27.     Andrew Weil, M.D., a medical doctor and leader in alternative health, has expressed similar concern:

> I don't recommend kombucha tea at all. I know of no scientific studies backing up the health claims made for it.  Beyond that, there's evidence that kombucha tea may have some antibiotic activity.  If so, by drinking the tea you could be unnecessarily taking antibiotics, which could encourage development of resistant strains of bacteria . . . .
>
> There have also been reports in the medical literature of adverse reactions including nausea, vomiting and headaches among those who drink more than four ounces of kombucha tea daily.  Allergic reactions, jaundice and head and neck pain have also been reported.  I would particularly caution pregnant

---

[2]     Kombucha Tea page, American Cancer Society website, http://www.cancer.org/Treatment/Treatmentsand SideEffects/ComplementaryandAlternativeMedicine/DietandNutrition/kombucha-tea (last visited Sept. 14, 2010).

[3]     Brent A. Bauer, M.D., *Question & Answer, Kombucha tea: What are the health benefits?*, Mayo Clinic website, June 26, 2009, http://www.mayoclinic.com/health/kombucha-tea/AN01658 (last visited Sept. 14, 2010).

7

women, nursing mothers, the elderly, children and anyone with a compromised immune system against drinking kombucha tea.[4]

28.     Ralph W. Moss, Ph.D., an internationally acclaimed science writer who has spent more than twenty years investigating and writing about cancer issues, has observed that the "alleged health benefits of kombucha . . . are not scientifically proven."[5]

29.     Nor has Defendant conducted any clinical trials on GT's Organic Raw Kombucha or Synergy that could possibly support the health claims that appear on their labels.

30.     There is thus no competent or reliable scientific evidence that substantiates the health claims made on the labels of GT's Organic Raw Kombucha and Synergy.

31.     GT's Organic Raw Kombucha and Synergy compete in the supermarket's cooler section against popular drinks such as Lipton and Snapple beverages.  GT's Organic Raw Kombucha and Synergy are several times more expensive than their competitors.

32.     Driven by the low-carbohydrate craze that had consumers looking for a healthy, fizzy drink to replace sugary soda and juice, orders for GT's Organic Raw Kombucha and Synergy surpassed the company's production capabilities in 2003.

33.     Whole Foods Market, the largest retailer of G.T.'s Organic Raw Kombucha and Synergy, began selling GT's Organic Raw Kombucha and Synergy nationally in 2004.

34.     In June 2010, Whole Foods Market announced that is was removing kombucha tea products from its shelves, including G.T.'s Organic Raw Kombucha and Synergy, because of concerns over elevated alcohol levels.  Bristol Farms, another retailer G.T.'s Organic Raw

---

[4]     Andrew Weil, M.D., *Q & A, Cured by Kombucha?*, website of Andrew Weil M.D., http://www.drweil.com /drw/u/id/QAA365602 (last visited Sept. 14, 2010).

[5]     Ralph W. Moss, Ph.D., War on cancer: kombucha reconsidered, Townsend Letter, Nov. 2009, http://findarticles.com/p/articles/mi_7396/is_316/ai_n39383107/pg_2/ (last visited Sept. 14, 2010).

Kombucha and Synergy, has also pulled the products from its shelves.  According to G.T. Dave, Defendant is "trying [its] best to get [its] product back on the shelves of every store."[6]

35.     GT's Organic Raw Kombucha and Synergy are still being sold by other retailers throughout the United States, including California.

36.     Plaintiff first purchased GT's Organic Raw Kombucha at Whole Foods in Los Angeles County on February 1, 2010.  Plaintiff read and believed the health claims on the product's label.  Those health claims misled Plaintiff into believing that there was scientific evidence showing that the product had the claimed health benefits when consumed by humans.

37.     Plaintiff relied on those health claims in purchasing GT's Organic Raw Kombucha, and purchased the products as a result of those health claims.

38.     Specifically, Plaintiff read and relied on the following deceptive, misleading, and unfair health claims on the product label of GT's Organic Raw Kombucha:  "Kombucha supports" "Digestion," "Metabolism," "Immune System," "Weight Control," "Liver Function," "Body Alkalinity," "Anti-Aging," "Cell Integrity," and "Healthy Skin," the product is "an elixir that immediately works with the  body to restore balance and vitality"; and the enzymes, probiotics, and detoxifiers in the product "rejuvenate," "restore," "revitalize," "recharge," "rebuild," "regenerate," "replenish," "regain," "rebalance," "renew."

39.     Plaintiff purchased GT's Organic Raw Kombucha every couple of days from Whole Foods Market or Rainbow Acres Natural Foods in Los Angeles County until June 15, 2010 when the product was removed from the shelves of Whole Foods.  Overall, Plaintiff purchased the GT's Organic Raw Kombucha approximately one hundred times.

---

[6]     X17 Xclusive – Kombucha Creator: Lindsay Is Not To Blame For Alcohol Investigation, X17 Online website, June 21, 2010, http://x17online.com/celebrities/lindsay_lohan/x17_xclusive_kombucha_creator_lindsay_is_not_to_blame_for_alcohol_investigation-06212010.php (last visited Sept. 14, 2010).

40.     Plaintiff would not have purchased GT's Organic Raw Kombucha if she had known that the product has not been proven to have the health benefits that its label claims it has, and that the serious health risks may be associated with the product.

### V. CLASS ACTION ALLEGATIONS

41.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on her own behalf and on behalf of the proposed Class. Plaintiff seeks certification of a Class that consists of:

> All persons or entities domiciled or residing in any of the fifty states of the United States of America or in the District of Columbia who have purchased GT's Organic Raw Kombucha or Synergy (the "Class"). Excluded from the class are Defendant, it officers, directors, and employees.

42.     The Class is comprised of thousands of purchasers of Defendant's products throughout the United States, making joinder impracticable. The exact number of Class members is unknown, but their identity can be ascertained through appropriate investigation and discovery. The disposition of the numerous claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

43.     There is a well-defined community of interest in the questions of law and fact involved affecting the Class. The questions of law and fact common to the Class predominate over questions affecting only individual Class members, and include, but are not limited to, the following:

> (a)     Whether Defendant has represented to Plaintiff and the Class that GT's Organic Raw Kombucha and Synergy have health benefits that they have not been proven to have;

> (b)     Whether Defendant has represented to Plaintiff and the Class that GT's Organic Raw Kombucha and Synergy are of a particular standard, quality, or grade when they are of another;

> (c)     Whether Defendant has advertised GT's Organic Raw Kombucha and Synergy with the intent not to sell them as advertised;

10

(d)   Whether Defendant represented to Plaintiff and that Class its transactions with Plaintiff and the Class conferred benefits on Plaintiff and the Class, which were not, in fact, conferred;

(e)   Whether Defendant has represented to Plaintiff and the Class that the subject of a transaction has been supplied in accordance with a previous representation when it has not in violation of section 1770(a)(16) of the California Civil Code;

(f)   Whether Defendant's above-referenced representations about the health benefits of GT's Organic Raw Kombucha and Synergy that appear on their products labels are unfair, unlawful, misleading and/or likely to deceive consumers regarding the products' health benefits;

(g)   Whether Defendant has omitted and/or suppressed material health risk information in its labeling and marketing of GT's Organic Raw Kombucha and Synergy;

(h)   Whether Defendant intended to deceive Plaintiff and the Class into purchasing GT's Organic Raw Kombucha through making deceptive, misleading, unfair, and unlawful representations about the products' health benefits on their labels;

(i)   Whether Defendant knew or in the exercise of reasonable diligence should have known that the above-referenced representations on the labels of GT's Organic Raw Kombucha and Synergy are deceptive, misleading, unfair, and unlawful;

(j)   Whether Defendant's labeling and marketing of GT's Organic Raw Kombucha violates the common law of unjust enrichment; and

(k)   Whether Plaintiff and the Class are entitled to compensatory, statutory, and punitive damages and attorneys' fees and costs as a result Defendant's conduct.

44.    Plaintiff asserts claims that are typical of the Class, having purchased GT's Organic Raw Kombucha.  Plaintiff and the Class have similarly suffered harm arising from Defendant's false, misleading, deceptive, and unfair business practices alleged herein.

45.    Injuries sustained by Plaintiff and Class members flow, in each instance, from a common nucleus of operative facts—Defendant's deceptive, misleading, unfair, and unlawful representations regarding the health benefits of GT's Organic Raw Kombucha and Synergy

11

made by Defendant for the purpose of inducing Plaintiff and Class members to purchase those products at prices far in excess of their competitors' prices.

46.     Plaintiff is an adequate representative of the Class because her interests do not conflict with and are not antagonistic to the interests of the Class members she seeks t o represent.  Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

47.     Plaintiff and the Class members have all suffered and will continue to suffer substantial harm and damages due to Defendant's wrongful conduct.  A class action is superior to other methods for the fair and efficient adjudication of the subject controversy.  Absent a class action, most proposed Class members will likely find the cost of litigating their individual claims to be prohibitive and will have no effective remedy at all.  Therefore, absent a class action, the proposed Class members' injuries will not be redressed and Defendant's misconduct will proceed without remedy.  Class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Additionally, Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the Class, requiring Court imposition of uniform relief to insure compatible standards of conduct toward the Class.

48.     Notice can be provided to purchasers of GT's Organic Raw Kombucha and Synergy at Defendant's expense via internet publication and through the U.S. mail.

# VI.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.***

49.     Plaintiff realleges and incorporates by reference preceding paragraphs as if fully set forth herein.

50.     Defendant is a "person" within the meaning of section 1761(c) of the California Civil Code.

51.     Plaintiff and the Class members are "consumers" within the meaning of section 1761(d) of the California Civil Code.

52.     GT's Organic Raw Kombucha and Synergy are "goods" within the meaning of section 1761(a) of the California Civil Code.

53.     The purchases by Plaintiff and the Class members of GT's Organic Raw Kombucha and/or Synergy constitute "transactions" within the meaning of sections 1761(e) and 1770 of the California Civil Code.

54.     Venue is proper under section 1780(d) of the California Civil Code because the transactions or a substantial portion thereof occurred in counties comprising the Central District of California.  An affidavit of the Plaintiff establishing this Court as the proper venue for this action is attached hereto as Exhibit 2.

55.     In connection with its sale of goods to Plaintiff and the Class, Defendant violated the California Consumer Legal Remedies Act ("CLRA") in at least the following ways through its above-described labeling and marketing of GT's Organic Raw Kombucha and Synergy:

(a)     Representing to Plaintiff and the Class that GT's Organic Raw Kombucha and Synergy have health benefits that they have not been proven to have in

13

violation of section 1770(a)(5) of the California Civil Code;

(b)    Representing that GT's Organic Raw Kombucha and Synergy are of a particular standard, quality, or grade when they are of another in violation of section 1770(a)(7) of the California Civil Code;

(c)    Advertising goods to Plaintiff and the Class with the intent not to sell them as advertised in violation of section 1770(a)(9) of the California Civil Code;

(d)    Representing that its transactions with Plaintiff and the Class conferred benefits on Plaintiff and the Class, which were not, in fact, conferred in violation of section 1770(a)(14) of the California Civil Code; and

(e)    Representing to Plaintiff and the Class that the subject of a transaction has been supplied in accordance with a previous representation when it has not in violation of section 1770(a)(16) of the California Civil Code.

56.    In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

57.    Defendant had a duty to disclose to Plaintiff and the Class that GT's Organic Raw Kombucha and Synergy have not been proven to produce the health benefits claimed on the products' labels and that there have been reports of serious harm associated with consumption of kombucha, because: (a) Defendant actively concealed that material information from Plaintiff and the Class; and (b) Defendant made partial representations to Plaintiff and the

14

Class regarding the nature of GT's Organic Raw Kombucha and Synergy while also suppressing that material information. Defendant violated the CLRA by concealing that material information from Plaintiff and the Class when it had a duty to disclose the information.

58. Defendant's above-described representations and omissions that violate the CLRA were likely to deceive and mislead consumers into believing that GT's Organic Raw Kombucha and Synergy have been proven to have the health benefits claimed on the products' labels.

59. Plaintiff and the Class reasonably interpreted Defendant's above-described representations and omissions to mean that GT's Organic Raw Kombucha and Synergy have been proven to have the health benefits claimed on their labels.

60. Defendant's above-described representations and omissions alleged herein were material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions. Reliance upon such representations and omissions may therefore be presumed as a matter of law. The materiality of such representations and omissions also establishes causation between Defendant's conduct and Plaintiff's and the Class' injuries.

61. Plaintiff and the Class relied to their detriment on Defendant's above-described representations and omissions in purchasing GT's Organic Raw Kombucha and Synergy because they would not have purchased those products if they had known that the products have not been proven to have the health benefits claimed on their labels and that serious health risks may be associated with the products.

62. On information and belief, Defendant's conduct alleged herein was intentional and was specifically designed to induce consumers to purchase GT's Organic Raw Kombucha

and Synergy.

63.     Plaintiff, on behalf of herself and the Class, demand judgment against Defendant under the CLRA for injunctive relief to Plaintiff and the Class in an amount to be proven at trial.

64.     Plaintiff, on behalf of herself and the Class, further intends to seek monetary damages, including restitution, and, in light of Defendant's intentional and fraudulent conduct, an award of punitive damages.

65.     Pursuant to section 1782(a) of the California Civil Code, Plaintiff will serve Defendant with notice of its alleged violations of the CLRA by certified mail return receipt requested.  If within thirty days after the date of such notification, Defendant fails to provide appropriate relief for its violations of the CLRA, Plaintiff will amend this Complaint to seek monetary (both compensatory and punitive) damages under the CLRA.

66.     Notwithstanding any other statements in this Complaint, Plaintiff does not seek damages in conjunction with her CLRA claim, and will not do so until the thirty-day period mentioned in the preceding paragraph has passed.

### SECOND CAUSE OF ACTION
**Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, _et seq._**

67.     Plaintiff realleges and incorporates by reference preceding paragraphs as if fully set forth herein.

68.     Plaintiff has standing to pursue this claim under California's Unfair Competition Law ("UCL") because Plaintiff suffered an injury in fact and has lost money as a result of Defendant's conduct alleged herein.

69.     Defendant's conduct alleged herein violates the UCL.

70.     Defendant's labeling and advertising of GT's Organic Raw Kombucha and Synergy constitute unfair business acts and practices under the UCL because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers in that Defendant deceptively, misleadingly, unfairly, and unlawfully claims that GT's Organic Raw Kombucha and Synergy have the health benefits identified on the products' labels.  That conduct has caused substantial injury to Plaintiff and the Class in that they have expended money for products that have not been proven to have those health benefits.  The injuries suffered by Plaintiff and the class are not outweighed by any countervailing benefits to Defendant or competition in general, and Plaintiff and the Class could not have reasonably avoided their injuries.

71.     Defendant's labeling and marketing of GT's Organic Raw Kombucha and Synergy are unfair business acts and practices under the UCL are fraudulent business practices because they are likely to deceive consumers into believing that GT's Organic Raw Kombucha and Synergy have been proven to have the health benefits claimed on their labels.

72.     Defendant's labeling and marketing of GT's Organic Raw Kombucha and Synergy constitute unlawful business acts and practices under the UCL because they are misleading and therefore (1) are false advertising in violation of section 110390 of California's Health and Safety Code, (2) render GT's Organic Raw Kombucha and Synergy misbranded under section 110660 of California's Health and Safety Code in violation of section 110398 of California's Health and Safety Code, and (3) render GT's Organic Raw Kombucha and Synergy misbranded under 21 U.S.C. § 343(a) in violation of 21 U.S.C. § 331(b).

73.     Defendant is also liable to Plaintiff and the Class for damages sustained as a result of its Defendants' misleading labeling and advertising of GT's Organic Raw Kombucha

and Synergy because that labeling and marketing violates California's False Advertising Law, Cal. Bus. & Prof. Code §17500, *et seq.*, as set forth below.

74.     Defendant's business practices alleged herein constitute a continuing course of conduct of unfair competition.

75.     Defendant's business acts and practices alleged herein were the immediate cause of the economic injuries sustained by Plaintiff and the Class in the form of payment for GT's Organic Raw Kombucha and Synergy.

76.     Plaintiff and the Class relied to their detriment on Defendant's unfair, unlawful, and fraudulent business acts and practices under the UCL by purchasing GT's Organic Raw Kombucha and Synergy based on those business acts and practices.

77.     Defendant's unfair, unlawful, and fraudulent acts and practices alleged herein were specifically designed to induce Plaintiff and the Class to purchase GT's Organic Raw Kombucha and Synergy.

78.     Plaintiff and the Class members are thus entitled to injunctive relief and restitution in an amount to be proven at trial.

79.     Pursuant to section 17203 of the California Business and Professions Code, Plaintiff and the Class seek an Order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including the acts set forth herein.

## THIRD CAUSE OF ACTION
### Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*

80.     Plaintiff realleges and incorporates by reference preceding paragraphs as if fully set forth herein.

81.     Defendant has committed acts of misleading advertising as defined in

18

California's False Advertising Law by, *inter alia*: (a) misleadingly advertising health benefits on the labels of GT's Organic Raw Kombucha and Synergy; and (b) concealing material information about the true nature of GT's Organic Raw Kombucha and Synergy.

82.    Defendant knew, or in the exercise of reasonable diligence should have known, that the statements about health benefits on the labels of GT's Organic Raw Kombucha and Synergy are misleading.   Those statements constitute misleading advertising under the False Advertising Law because they are actually misleading and/or likely to deceive or confuse the public.

83.    Defendant's misrepresentations and omissions alleged herein are objectively material to the reasonable consumer, and reliance upon such misrepresentations and omissions may therefore be presumed as a matter of law.   The materiality of such representations and omissions also establishes causation between Defendant's conduct and Plaintiff's and the Class' injuries.

84.    Defendant's false advertising is still ongoing.

85.    Unless restrained by this Court, Defendant will continue to engage misleading advertising, as alleged above, in violation of Cal. Bus. & Prof. Code § 17500, *et seq.*

86.    As a result of the foregoing, Plaintiff and each member of the Class have been injured and lost money or property, and they are entitled to restitution and injunctive relief.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment

87.    Plaintiff realleges and incorporates by reference preceding paragraphs as if fully set forth herein.

88.    As a result of Defendant's deceptive, misleading, unfair, and unlawful labeling, advertising, marketing, and sales of GT's Organic Raw Kombucha and Synergy, Defendant was

19

enriched, at the expense of Plaintiff and the Class, through the payment of the purchase price for GT's Organic Raw Kombucha and Synergy.

89.     Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff and the Class, in light of the fact that the GT's Organic Raw Kombucha and Synergy purchased by Plaintiff and the Class have not been proven to have the health benefits that their labels claim they have. Thus, it would be unjust and inequitable for Defendant to retain the benefits it received without restitution to Plaintiff and the Class.

90.     The amount of restitution to which Plaintiff and the Class are entitled should be measured by the extent of Defendant's unjust enrichment, including its unjustly acquired profits and other monetary benefits resulting from its wrongful conduct.

## VII.
## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and the Class, requests that the Court order the following relief and enter judgment against Defendant as follows:

a.     An Order certifying the proposed Class and appointing Plaintiff and her counsel to represent the Class;

b.     An Order permanently enjoining Defendant from its improper activities and conduct alleged herein;

c.     A judgment awarding Plaintiff and the Class damages in an amount according to proof;

d.     A judgment awarding Plaintiff and the Class restitution in an amount according to proof;

e.     A judgment awarding Plaintiff and the Class punitive damages;

f.  Pre-judgment and post-judgment interest;

g.  Attorneys' fees and expenses and the costs of this action; and

h.  All other and further relief as the Court deems necessary, just, and proper.

## VIII.
## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**LEVIN SIMES KAISER GORNICK, LLP**

By: /s/ William A. Levin
William A. Levin, California Bar No. 98592
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Facsimile: (415) 981-1270
wlevin@lskg-law.com

**BAILEY PERRIN BAILEY**
Fletcher V. Trammell, Texas Bar No. 24042053
Justin C. Jenson, Texas Bar No. 24071095
The Lyric Centre
440 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
ftrammell@bpblaw.com
jjenson@bpblaw.com
(*pro hac vice* admission will be requested)

**CRAFT HUGHES LAW, P.C.**
W. Craft Hughes, Texas Bar No. 24046123
Three Allen Center
333 Clay Street, Suite 4720
Houston, Texas 77002
(713) 857-4106 Telephone
(888) 995-3335 Facsimile
craft@crafthugheslaw.com
(*pro hac vice* admission will be requested)

Dated: September 20, 2010   *Attorneys for Plaintiff*

21

# Exhibit 1

KOMBUCHA (pronounced kom-BOO-cha) is a handmade Chinese tea that is delicately cultured for 30 days. During this time, essential nutrients form like: Active Enzymes, Viable Probiotics, Amino Acids, Antioxidants, and Polyphenols. All of these combine to create an elixir that immediately works with the body to restore balance and vitality.

KOMBUCHA
SUPPORTS*:
DIGESTION
METABOLISM
IMMUNE SYSTEM
APPETITE CONTROL
WEIGHT CONTROL
LIVER FUNCTION
BODY ALKALINITY
ANTI-AGING
CELL INTEGRITY
HEALTHY SKIN & HAIR

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease.

Organic Raw
**KOMBUCHA**™

GTS

Living Food for the Living Body®

rejuvenate restore revitalize recharge rebuild
**enzymes+probiotics+detoxifiers**
regenerate replenish regain rebalance renew

BOTANIC
No 9°

480 mL

16 fl oz

MILLENNIUM PRODUCTS, INC.
P.O. Box 2382, Beverly Hills, CA 90213
Contact us: Toll Free (877) RE-JUICE
drinks4life@GTSkombucha.com
www.GTSkombucha.com
*Organically produced
Certified by Organic Certifiers.



Suggested Use: For best results, drink at least one bottle a day. Product may be enjoyed below, during, or after meals. To ensure maximum freshness, drink within 3 days after opening.

*G.T. Dave began bottling Kombucha in 1995 after his mother's success from drinking it during her battle with breast cancer. He is committed to bringing you the freshest, purest, and most potent Kombucha available.*

KEEP REFRIGERATED - DO NOT SHAKE

▼THIS IS A RAW FOOD▼
Strands of the culture may appear. These are natural, normal & only occur in raw kombucha.

**Nutrition Facts**
Serving Size 8 fl. oz.
Servings Per Container: 2

| Amount Per Serving | |
|---|---|
| Calories 30 | Calories from Fat 0 |

| | % Daily Value* |
|---|---|
| Total Fat 0g | 0% |
| Cholesterol 0mg | 0% |
| Sodium 10mg | 1% |
| Total Carbohydrate 7g | 2% |
| Sugars 2g | |
| Protein 2g | |

ADDITIONAL NUTRIENTS (per bottle):
Folic Acid  25%  •  Vitamin B1  20%
Vitamin B2  20%  •  Vitamin B3  20%
Vitamin B6  20%  •  Vitamin B12  20%

PROBIOTIC CONTENT:
Lactobacillus Bacterium: 1 billion organisms
S. Boulardii: 1 billion organisms
ANTIOXIDANTS & ORGANIC ACIDS
EGCG 100mg • Glucuronic Acid 10 mg
L(+) Lactic Acid 25mg • Acetic Acid 30 mg

Ingredients:
100% G.T.'s organic raw kombucha,
bilberry*, honeysuckle*, red clover*, and
100% pure love!!!

Due to the fermentation, this product contains a naturally occurring effervescence. Please open carefully.

5¢ REF. ME & HI.  CA CASH REFUND.  PLEASE RECYCLE.

USDA ORGANIC

7  22430 18016  8

# Exhibit 2

1    **LEVIN SIMES KAISER GORNICK, LLP**
     William A. Levin, California State Bar No. 98592
2    wlevin@lskg-law.com
     44 Montgomery Street, 36th Floor
3    San Francisco, CA 94104
     Telephone: (415) 646-7160
4    Facsimile: (415) 981-1270

5    **BAILEY PERRIN BAILEY**
     Fletcher V. Trammell, Texas State Bar No. 24042053
6    (*pro hac vice* admission will be requested)
     440 Louisiana Street, Suite 2100
7    Houston, Texas 77002

8    **CRAFT HUGHES LAW, P.C.**
     W. Craft Huges, Texas State Bar No. 24046123
9    (pro hac vice admission will be requested)
     333 Clay Street, Suite 4720
10   Houston, Texas 77002

11   *Attorneys for Plaintiff*

12              **IN THE UNITED STATES DISTRICT COURT**

13           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14   GRETCHEN PATCH, individually and on        CIVIL ACTION
15   behalf of all others similarly situated,    No. 10-

16                      Plaintiff,

17            v.                                  **AFFIDAVIT OF GRETCHEN PATCH**
18                                                **PURSUANT TO CALIFORNIA CIVIL**
                                                  **CODE SECTION 1780(d)**
19   MILLENNIUM PRODUCTS, INC.,

20                      Defendant.

21

22        I, Gretchen Patch, state as follows:

23        1.     I am a Plaintiff in this action and am a citizen of the State of California.  I have

24   personal knowledge of the facts herein and, if called as a witness, I could and would testify

25   competently thereto.

26

27        2.     I purchased GT's Organic Raw Kombucha in Los Angeles County at Whole

28   Foods Market and Rainbow Acres Natural Foods as a result of Defendant Millennium Products,

                                           1

Inc.'s ("Defendant's") labeling and advertising of the product.

     3.    Defendant has a principal place of business and is doing business in Los Angeles County.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Affidavit was executed on September 17, 2010 in Venice, California.

Gretchen Patch

## ACKNOWLEDGMENT

State of California        )
County of Los Angeles    )

On September 17, 2010 before me,
Chuck Jiro Murayama, Notary Public
personally appeared Gretchen Patch , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

CHUCK JIRO MURAYAMA
Commission # 1814851
Notary Public - California
Los Angeles County
My Comm. Expires Oct 9, 2012

2